UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSBORNE ASSOCIATES, INC.,
d/b/a Generations Salon Services,

    Plaintiff,

v.                                    Case No. 3:17-cv-1135-J-34MCR

SHERYL CANGEMI, et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 3; Motion) filed on October 11, 2017.

Upon review of the Motion, the Court notes that to the extent Plaintiff seeks a temporary restraining order, Plaintiff has failed to comply with Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of temporary restraining orders. Rule 65(b) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED. R. CIV. PRO. 65(b). Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Local Rule 4.05(b)(2).

Here, the Court finds that Plaintiff's motion fails to satisfy the requirements of Rule 65(b) as well as the Court's Local Rules. Nothing in the Motion suggests that Plaintiff's injury is so imminent that it would be "impractical if not impossible" to provide Defendants with notice of the Motion and an opportunity to be heard as required for preliminary injunctive relief. See Local Rule 4.05(b)(2). Nor does the Plaintiff state what "efforts, if any, . . . have been made to give the notice and the reasons supporting the claim that notice should not be required." FED. R. CIV. PRO. 65(b)(1)(B).

Moreover, the substance of Plaintiff's Motion speaks predominantly in terms of seeking a preliminary injunction from the Court, see Motion at 12, 13, 14, with only introductory, fleeting, or conclusory references to a temporary restraining order. Id. at 1, 3, 15. Additionally, in making its argument for why the Court should grant injunctive relief in its favor, Plaintiff relies on rules which relate to preliminary injunctions rather than temporary restraining orders. Id. at 1 (citing to Federal Rule 65(a) (relating to preliminary injunctions) and Local Rule 4.06 (same)); 2 (same); 4 (same).[1] Therefore, the Court construes Plaintiff's Motion as one solely seeking entry of a preliminary injunction, and not for a temporary restraining order.

---

[1] The Court acknowledges that in Plaintiff's discussion regarding Rule 65(c)'s bond requirement, the Motion does reference Local Rule 4.05. See Motion at 15. However, aside from this single reference to Local Rule 4.05 as it relates to the bond requirement, see Local Rule 4.05(b)(3), nothing else in Plaintiff's Motion suggests that Plaintiff is seeking a temporary restraining order.

Finally, it appears that Plaintiff has not yet effected service of process on Defendants in accordance with Rule 4, Federal Rules of Civil Procedure (Rule(s)).

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 3), which the Court construes as a Motion for Preliminary Injunction and Incorporated Memorandum of Law, is **TAKEN UNDER ADVISEMENT**.

2. Plaintiff shall promptly effect service of process on Defendants in accordance with Rule 4, and also shall serve Defendants with a copy of the Motion and all materials filed in support thereof, as well as a copy of this Order.

3. Immediately upon accomplishing service of process, Plaintiff shall file proof of such service in accordance with Rule 4(l).

4. Once Plaintiff has filed proof of service, the Court will set a briefing schedule, as well as a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 3).

**DONE AND ORDERED** in Jacksonville, Florida, on October 12, 2017.

MARCIA MORALES HOWARD
United States District Judge

Lc26
Copies to:

Counsel of Record
Pro Se Parties