UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSBORNE ASSOCIATES, INC.
d/b/a Generations Salon Services,

    Plaintiff,

v.                                                       CASE NO. 3:17-cv-1135-J-34MCR

SHERYL CANGEMI, JULIE CALIANNO,
and SILVER SALONS & SPAS, LLC,

    Defendants.
_____/

**ORDER**

      **THIS CAUSE** is before the Court on Plaintiff's Motion for Expedited Discovery ("Plaintiff's Motion") (Doc. 4) and Defendants' Response in Opposition thereto and Request for Sanctions ("Defendants' Response and Motion") (Doc. 22.)  For the reasons stated herein, Plaintiff's Motion is **DENIED** to the extent it seeks expedited discovery and Defendants' Motion is **TAKEN UNDER ADVISEMENT**.

      Plaintiff brought this action seeking, *inter alia*, damages and injunctive relief against its former Director of Business Development Sheryl Cangemi ("Cangemi"), its former Regional Operations Manager Julie Calianno ("Calianno"), and their newly formed company Silver Salons & Spas, LLC ("Silver Salons"), for Defendants' alleged breach of restrictive covenants, breach of fiduciary duty, and misappropriation and use of trade secrets and confidential information belonging

to Plaintiff.  (Doc. 1.)  Plaintiff believes that Defendants have solicited and are doing business with Plaintiff's former and prospective customers as well as former independent contractors.  (*See* Docs. 1, 4.)

Plaintiff now seeks "limited expedited discovery" in order to "uncover further evidence concerning the scope of the irreparable harm Defendants' actions are causing."  (Doc. 4 at 3.)  It states that "without the ability to immediately discover the extent of Cangemi's and Calianno's breaches of their contractual obligations, the harm Defendants have already caused will be compounded, and they will be rewarded for their underhanded tactics."  (*Id.* at 3-4.)  Specifically, Plaintiff requests that Defendants: (1) respond to written discovery requests for documents and electronically stored information within five calendar days of service of the Court's order,[1] (2) appear for noticed depositions of Cangemi and Calianno on agreed-upon dates and at mutually agreeable locations in Florida and Pennsylvania, respectively, within ten calendar days of service of the Court's order,[2] and (3) preserve all potentially relevant evidence stored on business and personal computers and similar electronic devices, e-mail accounts, and cloud

---

[1] As set forth in more detail in its Motion, Plaintiff seeks, *inter alia*, all documents and electronically stored information that Defendants retained, etc. that in any way relate to Plaintiff or Cangemi's or Calianno's employment with Plaintiff, that relate to the identity of Defendants' clients, that relate to the identity of any employees, etc. who have been affiliated with Silver Salons, and that relate to Cangemi's and Calianno's departure from Plaintiff and formation of Silver Salons.  (Doc. 4 at 6-8.)

[2] The topics of the depositions are set forth in detail in Plaintiff's Motion.  (Doc. 4 at 8-10.)

accounts pending resolution of this action or further order by the Court.  (*Id.* at 6-10.)

Plaintiff argues there is good cause to order expedited discovery in this case because: (1) a motion for a preliminary injunction is pending; (2) the discovery sought (six categories of document requests and depositions of the individual Defendants limited to discrete categories of information) is narrowly tailored; (3) Defendants' activities have been conducted in secret and the requested discovery is necessary to develop the record relating to the irreparable harm inflicted on Plaintiff, balancing of the harms, and likelihood of success on the merits prongs of the injunction standard; (4) the discovery seeks documents and electronically stored information that are readily available to Defendants (as such, it poses a minimal burden on Defendants) and the information is clearly relevant (the only question is not if the discovery will occur, but when it will occur); and (5) it is critical that Plaintiff be permitted to conduct expedited discovery so that it will have a full understanding of Defendants' current activities and a fair opportunity to mitigate the alleged harm.  (*Id.* at 11-14.)  Plaintiff adds that "expedited discovery better enables the Court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." (*Id.* at 14.)

Defendants respond that in light of Judge Howard's Order dated October 17, 2017, there should not be a need for expedited discovery, whether of a party

3

or of a non-party.[3]  (Doc. 22 at 4.)  Further, Defendants state that while the parties discussed the pending motions on October 23, 2017, Plaintiff's counsel advised that Plaintiff had already issued and served a subpoena for production of documents on NLS Rose Tree, LLC ("Rose Tree") pursuant to Fed.R.Civ.P. 45, and that Rose Tree had already responded and produced responsive documents. (*Id.* at 2.)  Defendants explain that Rose Tree is a current client of Silver Salons and was previously a client of non-party Senior Salon Services.  (*Id.* at 3.) Defendants argue that Plaintiff's conduct with respect to the third-party subpoena warrants sanctions including an award of attorneys' fees to Defendants, pursuant to Fed.R.Civ.P. 26 and 37 and the Court's inherent authority to impose sanctions, because the Court has not yet ruled on Plaintiff's Motion and, even when the Court rules on it, the issue of expedited third-party discovery is not likely to be addressed because it was not raised in the Motion.  (*Id.* at 3-4.)  Defendants state that Plaintiff's actions are particularly troubling because although Plaintiff acknowledges the need to seek Court approval for expedited discovery by filing the present Motion, Plaintiff nonetheless issued the third-party subpoena seeking the same information that Plaintiff claims to be confidential and proprietary, including: (1) all contracts between Silver Salons and Rose Tree; (2) a list of

---

[3] In that Order, Judge Howard found that "an expedited briefing schedule and hearing are appropriate," but that this "case does not appear to involve the exceptional situation wherein the Court will allow the parties to submit evidence at the hearing." (Doc. 16.)

employees and independent contractors; (3) all marketing and advertising materials; (4) all price lists and other pricing materials; and (5) all training materials.  (*Id.* at 3.)

As stated recently by a court in this District:

> Discovery is normally barred prior to the Rule 26(f) conference.  A court may allow discovery before the Rule 26(f) conference upon a showing of "good cause."  In order to obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual discovery procedures.

*Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, No. 2:14-cv-242-FtM-38DNF, 2014 WL 2565675, *1 (M.D. Fla. June 6, 2014) (internal citations omitted); *see also* Fed.R.Civ.P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

The factors that courts consider in determining whether the movant has shown good cause include:

> (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

*Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-cv-202-FtM-29SPC, 2013 WL 1953346, *1 (M.D. Fla. May 10, 2013); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found

where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *Fimab-Finanziaria Maglificio Biellese Fratelli FILA v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.").

The Court is not convinced that Plaintiff has satisfied the good cause standard for allowing expedited discovery to proceed prior to the Rule 26(f) conference.  Plaintiff essentially argues that the expedited discovery is needed in support of its pending motion for a preliminary injunction.  However, when the motion for a preliminary injunction was set for a hearing on November 2, 2017, Judge Howard expressly stated that this "case does not appear to involve the exceptional situation wherein the Court will allow the parties to submit evidence at the hearing," and, therefore, "the hearing will be limited to the written submissions and arguments of counsel."  (Doc. 16 at 3.)  While Defendants did not separately address the relevancy and breadth of the requested discovery or whether the information is readily available to them, they validly disputed the need for expedited discovery in light of Judge Howard's earlier Order.  Assuming the relevancy of the requested discovery, the Court notes that the discovery requests seem broad in scope and will likely impose more than a minimal burden on Defendants.

Furthermore, it is concerning that despite seeking permission for expedited discovery from the parties in this case, Plaintiff has sought and obtained similar discovery from a non-party without leave of Court. As Plaintiff has not addressed Defendants' request for sanctions, Plaintiff will be given an opportunity to show cause why sanctions should not be imposed for its conduct with respect to the third-party subpoena served on Rose Tree.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion (**Doc. 4**) is **DENIED** to the extent it seeks expedited discovery. Defendants are reminded of their duty to preserve all potentially relevant evidence pending resolution of this action or further order of the Court.

2. Defendants' Motion (**Doc. 22**) is **TAKEN UNDER ADVISEMENT**.

3. **On or before November 20, 2017**, Plaintiff shall **SHOW CAUSE** in writing why sanctions should not be imposed against Plaintiff for serving a subpoena on non-party Rose Tree prior to the Rule 26(f) conference in violation of Rule 26(d)(1), Fed.R.Civ.P.

**DONE AND ORDERED** at Jacksonville, Florida, on October 30, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record